UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Daniel Larsen, et al.,                                    Civ. No. 21-0568 (DWF/DJF)

        Plaintiffs,

v.                                                                              **ORDER**

State of Minnesota, et al.,

        Defendants.

---

      The Court stayed this matter pending the resolution of *Karsjens v. Minnesota Department of Human Services*, No. 11-cv-3659 (DWF/TNL). The Court has now lifted the stay because judgment has been entered in *Karsjens*.

      Because this matter has been stayed for over a year, the Court directed each plaintiff to provide a notice of their intent to continue prosecuting this lawsuit once the stay was lifted. (ECF Nos. 20, 62.) The Court advised that failure to provide the necessary notice of intent would result in the dismissal of that plaintiff without prejudice for failure to prosecute. (ECF Nos. 20, 62.) Several plaintiffs filed motions asking that the Court not dismiss them from this action.[1] (ECF Nos. 21-26, 28, 38-42, 46, 71, 74-75, 77.)

      The Court now also considers the prosecuting plaintiffs' application to proceed *in forma pauperis* ("IFP") (ECF No. 2). "The central question [when assessing an IFP application] is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't of Crim. Justice*, 70 F.3d 1268, 1268 (5th Cir. 1995)

---

[1] A motion was not strictly necessary — several other plaintiffs filed letters indicating their intent to prosecute, which the Court accepts as equally valid.

(per curiam). The plaintiffs' IFP application and accompanying documents show that they can reasonably be expected to pay the filing fee for this matter without undue hardship. Although, as civil detainees, none of the plaintiffs has an especially large income, neither do any of the plaintiffs have substantial living expenses, and several of the plaintiffs individually possessed sufficient funds from which the filing fee for this matter could reasonably have been expected to be paid. (*See* ECF No. 2, Ex. 1 at 2 (Plaintiff Guy Green's facility account statement showing that Mr. Greene had $673.52 in his possession at the time he filed this action); *id*. at 9 (Plaintiff Chester Grauberger's facility account statement showing that Mr. Grauberger had $706.57 in his possession at the time he filed this action); *id.* at 33 (Plaintiff Jacquard Larkin's facility account statement showing that Mr. Larkin had $636.54 in his possession at the time he filed this action); *id.* at 40 (Plaintiff Richard Fageroos's facility account statement showing that Mr. Fageroos had $445.28 in his possession at the time he filed this action); *id*. at 45-46 (Plaintiff Jose Gutierrez's facility account showing that Mr. Gutierrez had $1,158.11 in his possession at the time he filed this action)). Any one of these plaintiffs could reasonably have been expected to pay the filing fee for this matter individually without undue hardship. *See Anderson v. California*, No. 10-CV-2216 (MMA/AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) (noting that "if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status."). Collectively, the burden would have been practically negligible if spread across the dozens of plaintiffs who filed this action. If plaintiffs intend to prosecute this action, they can reasonably be expected to pay the filing fee for this matter.

      Accordingly, the IFP application is denied. Plaintiffs must pay the $402.00 filing fee for this action within 21 days, failing which it will be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Finally, this Court offers a warning to plaintiffs as they decide whether to prosecute this action collectively. Rule 11 of the Federal Rules of Civil Procedure requires that *each* plaintiff, if prosecuting an action while not represented by counsel, sign "every pleading, written motion, and other paper." *See also Edmondson v. Decatur Cnty. Detention Cntr.*, No. 1:21-CV-499, 2021 WL 859735, at *1 (S.D. Ind. Mar. 8, 2021); *Sitts v. Weaver*, No. 9:20-CV-1474 (GTS/DJS), 2021 WL 51411, at *3 (N.D.N.Y. Jan. 6, 2021). This is because "[a] nonlawyer can't handle a case on behalf of anyone except himself," *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) (citing 28 U.S.C. § 1654), and the signing of documents ensures that each plaintiff reviews the contents of those documents — and understands the consequences of filing documents that are untruthful or frivolous, *see* Fed. R. Civ. P. 11(b).

Each of the plaintiffs to this action signed the initial Complaint, (*see* ECF No. 1 at 110- 112) but very few of the documents filed since that time (including the IFP application) have been signed by more than a single plaintiff.[2] Accordingly, every one of the motions that remain pending before the Court appears to be procedurally improper. One litigant or a handful of litigants will not be permitted to act as *de facto* class counsel in this action, as none of the plaintiffs to this matter can adequately represent the interests of the others. *See, e.g.*, *Stone v. Jesson*, No. 11-CV-0951 (WMW/HB), 2019 WL 3769707, at *1 (D. Minn. May 30, 2019) (collecting cases). It is difficult to see how the plaintiffs to this action, as a practical matter, can continue to prosecute this action as a collective whole. Plaintiffs should therefore consider carefully whether it is worthwhile to continue prosecuting this litigation jointly before committing themselves both to payment of the filing fee and to the responsibility for the other ancillary costs

---

[2] Only with respect to the documents informing the Court that the individual plaintiffs intended to continue prosecuting this action was this permissible, as each plaintiff spoke only for himself in each document.

3

of litigation. *See, e.g.*, 28 U.S.C. § 2412 (requiring imposition of costs on the non-prevailing party).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs Guy Greene (ECF No. [21]); Anthony Garnett (ECF No. [22]); Jeremy Asher (ECF No. [23]); Daniel Larsen (ECF No. [24]); Jeremy Bilder (ECF No. [25]); Robert Suddeth (ECF No. [26]); Julian Caprice (ECF No. [28]); Dan Wilson (ECF Nos. [38] & [46]); David McGuire (ECF No. [39]); Kevin Karsjens (ECF No. [40]); Joseph Goodwin (ECF No. [41]); Allen Pyron (ECF No. [42]); Brent Nielsen (ECF No. [71]); Terry L. Branson (ECF No. [74]); Anthony Green (ECF No. [75]), and Danny Stone's (ECF No. [77]) motions that the Court not dismiss this matter for failure to prosecute are **GRANTED**.

2. Plaintiffs' application to proceed *in forma pauperis* (ECF No.[ 2]) is **DENIED**.

3. Plaintiffs must pay the $402.00 filing fee within 21 days of the date of this order, failing which it will be recommended that this matter be dismissed without prejudice for failure to prosecute.

Dated: October 4, 2022

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge

4