# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Joseph Goodwin, Chester Grauberger, Donald Hill, and Jacquard Larkin | Case No. 21-cv-568 (DWF/DJF) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota *et al.*, | |
| Defendants. | |

Forty-seven pro se Plaintiffs filed a putative class-action Complaint in this matter on February 23, 2021 (ECF No. 1). They simultaneously filed a self-styled motion to certify the class (ECF No. 4). On April 2, 2021, Plaintiffs filed a motion to amend their Complaint (ECF No. 6) and later filed numerous motions for injunctive relief (ECF Nos. 9, 13, 49, 54, 63). In lieu of paying the filing fee, Plaintiffs filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 2). The Court did not immediately address these filings because the matter was stayed pending the resolution of *Karsjens v. Minnesota Department of Human Services*, No. 11-cv-3659 (DWF/TNL).

Upon final judgment in *Karsjens*, the Court denied Plaintiffs' IFP application on October 4, 2022 and directed Plaintiffs to pay the $402 filing fee within 21-days of its Order. (ECF No. 83 at 2.) The Court also warned Plaintiffs of the procedural challenges they would likely face if they continued to pursue the matter collectively. (*Id.* at 3.) Numerous Plaintiffs subsequently filed motions to voluntarily dismiss the Complaint. (*See, e.g.*, ECF Nos. 85-91, 94, 95.) The remaining Plaintiffs timely paid the $402 filing fee (ECF No. 90), and the Court issued Summonses as to all Defendants on November 2, 2022 (ECF Nos. 92, 93).

On November 14, 2022, Plaintiffs asked the Court to reconsider their IFP application and to appoint counsel. (ECF No. 96.) On November 17, 2022, the Court denied all of Plaintiffs' pending motions, but allowed their proposed amended complaint to serve as the operative pleading in this matter (ECF No. 97). The Clerk of Court filed Plaintiffs' Amended Complaint the same day. (ECF No. 98.) Between December 2022 and March 2023, numerous other Plaintiffs filed motions to voluntarily dismiss this matter. (*See, e.g.*, ECF Nos. 99-109, 122-125, 130, 132-137, 144, 146, 148, 150). Only four Plaintiffs currently remain.

On September 5, 2023, the Court observed the procedural complexities of this case but noted that it had been nearly one year since the Court issued Summonses with no record that Plaintiffs had served the Amended Complaint as required under Rules 4(c) and 4(m) of the Federal Rules of Civil Procedure. (ECF No. 152.) The Court therefore ordered Plaintiffs to serve each Defendant with copies of the Summons and Amended Complaint by September 15, 2023, notify each Defendant that they were required to timely respond to the Amended Complaint, or notify the Court in writing of any good cause to contrary. (*Id.*) The Court also advised Plaintiffs that failure to comply with its Order may result in dismissal of this action under Rule 4(m) of the Federal Rules of Civil Procedure. (*Id.*)

Plaintiffs did not comply with the Court's Order. The Court therefore recommends that this matter be dismissed without prejudice under Fed. R. Civ. P. 4(m) for failure to timely effect service. *See Widtfeldt v. Daugherty*, 587 F. App'x 992 (8th Cir. 2014) (holding that the district court did not abuse its discretion in dismissing the action without prejudice when plaintiff failed to establish that he had properly effected service within the appropriate timeframe).

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS**

**HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under

Fed. R. Civ. P. 4(m).

Dated:  September 26, 2023            *s/ Dulce J. Foster*
                                                        DULCE J. FOSTER
                                                        United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).